IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELAN SUISSE LTD.**, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **ROBERT D. CHRIST**, | : | |
| Defendant. | : | NO. 06-3901 |
| | : | |

Gene E.K. Pratter, J.        **Memorandum and Order**        December 28, 2006

Defendant Robert D. Christ has filed a Motion to Dismiss plaintiff Elan Suisse Ltd.'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(3) for lack of personal jurisdiction and improper venue, and in the alternative, a Motion to Transfer this action to the U.S. District Court for the District of Delaware or the U.S. District Court for the Eastern District of Louisiana.

**FACTS AND PROCEDURAL BACKGROUND**

On April 27, 2006, Robert D. Christ filed a complaint in the U.S. District Court for the District of Delaware against Brett J. Cormick, Elan Suisse (Pty) Ltd., Elan Suisse International Holdings (USA) LLC and other defendants (the "Delaware Action").[1] In the Delaware Action, Mr. Christ alleges that Mr. Cormick induced Mr. Christ to invest in a holding company that would operate to promote and sell United States-based financial products and investment vehicles to investors in South Africa.[2] Mr. Christ alleges that, based on misrepresentations by Mr. Cormick, Mr. Christ wired $250,000 to Mr. Cormick, purportedly as an initial capital

---

[1] Robert D. Christ v. Brett J. Cormick et al., Civil Action No. 06-275.

[2] The complaint in the Delaware Action consists of four counts, including claims of promissory estoppel, breach of contract, fraud and civil conspiracy. See Def. Mem. Supp. Ex. A.

infusion to help launch the venture. In exchange for this investment, Mr. Christ was to receive an equity interest in Elan Suisse (Pty) Ltd., a South African corporation, and Elan Suisse International Holdings (USA) LLC, a Delaware limited liability company. In short, Mr. Christ alleges that despite assurances from Mr. Cormick as to the use of the purported "investment," Mr. Cormick never gave Mr. Christ any equity shares of the Elan Suisse entities, returned the funds that Mr. Christ initially invested or provided any return on Mr. Christ's investment.

On May 22, 2006, the defendants in the Delaware Action, including Mr. Cormick and the two Elan Suisse entities, moved to dismiss that proceeding based on, among other grounds, the District Court for the District of Delaware's alleged lack of personal jurisdiction over the defendants, some of whom are citizens of, or corporations formed in, foreign countries.[3]

A month after the Elan Suisse entities filed the Motion to Dismiss for lack of personal jurisdiction in the District of Delaware, plaintiff "Elan Suisse Ltd." filed a complaint in the present action against Mr. Christ in the Court of Common Pleas of Montgomery County, Pennsylvania on June 23, 2006. On September 1, 2006, Mr. Christ removed the case to this Court based on federal question jurisdiction inasmuch as the Complaint alleges violations of the Lanham Act, 15 U.S.C. §§1125, et seq.[4] In the present action, Plaintiff Elan Suisse Ltd. alleges, and Mr. Christ admits, that he maintained a website, www.elansuisse.co.za, based on an Internet

---

[3] Mr. Christ's complaint in the Delaware Action states that Brett J. Cormick is a citizen of Australia who resides in the United Kingdom and the Republic of Zimbabwe, Elan Suisse International Holdings (USA) LLC is a Delaware limited liability company, and Elan Suisse (Pty) Ltd. is a South African corporation. Def. Mem. Supp. Ex. A ¶¶ 2-4.

[4] Plaintiff's Complaint here contains three counts, including allegations of commercial disparagement and violations of two sections of the Lanham Act, 15 U.S.C. §§ 1125(a)(1)(A) and (d)(1)(A).

2

server located in South Africa, in order to publish his "findings" as to Mr. Cormick's "misdeeds" and in order to prevent others from being misled by Mr. Cormick as Mr. Christ had been.  On his website, Mr. Christ describes in detail Mr. Cormick's alleged misrepresentations and fraudulent dealings that are the subject of the pending Delaware Action that Mr. Christ initiated.

In the Delaware Action, Mr. Christ's complaint stated that he was a citizen of Pennsylvania residing in Pottstown, Pennsylvania.  See Def. Mem. Supp. Ex. C ¶ 2.  Quite appropriately then, when Elan Suisse Ltd. filed its Montgomery County state court complaint less than two months later, Plaintiff identified Mr. Christ as a resident of Pottstown, Pennsylvania.

Following his removal of this action to this Court, Mr. Christ filed a Motion to Dismiss or Transfer (Docket No. 2), Plaintiff filed a Memorandum in Response (Docket No. 3), and Mr. Christ filed a Reply Memorandum in Support of his Motion to Dismiss or Transfer (Docket No. 6).  On December 21, 2006, the Court heard oral argument on these motions.

In his Motion to Dismiss or Transfer, Mr. Christ claims that on or about June 2, 2006, approximately 21 days before Elan Suisse Ltd. filed its complaint in this action, he moved from Pennsylvania to Abita Springs, Louisiana.  Def. Mem. Supp. 4.  Mr. Christ asserts that he sold his house and relocated his business to Louisiana so that, at the time Elan Suisse Ltd. filed this current action, he did not reside or operate a business in Pennsylvania.  Id. at 5.  Thus, Mr. Christ argues that this Court lacks personal jurisdiction over him.  Mr. Christ also moves to dismiss the Complaint for improper venue.  As an alternative to his Motion to Dismiss, Mr. Christ requests the Court to transfer this action to either the District of Delaware, to be consolidated with the Delaware Action that is currently pending, or to the Eastern District of Louisiana, where Mr. Christ currently resides.  Plaintiff opposes both dismissal and transfer of this action.  Elan Suisse

3

Ltd. argues that Mr. Christ was a resident of Pennsylvania through at least early June 2006 which allows an inference that Mr. Christ operated the website in question from his home in Pennsylvania from October 2005 through June 2006.  Thus, Plaintiff argues that personal jurisdiction is appropriate and venue is proper in the Eastern District of Pennsylvania.

For the reasons stated below, the Court will grant Mr. Christ's Motion to Transfer and will transfer this action to the U.S. District Court for the District of Delaware to be consolidated with the related action pending in that court.  Because such a transfer is appropriate, the Court will not address Mr. Christ's argument that this Court lacks personal jurisdiction over him and will deny Mr. Christ's Motion to Dismiss without prejudice.[5]

**DISCUSSION**

Mr. Christ asserts that venue should be transferred pursuant to 28 U.S.C. § 1400,[6] §

---

[5] The Court of Appeals for the Third Circuit has held that a district court may transfer venue to another district court even if the transferor court lacks personal jurisdiction over the defendant.  In United States v. Berkowitz, 328 F.2d 358, 361 (3d Cir. 1964), the Court of Appeals cited the Supreme Court's decision in Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962), which held that a court may transfer venue under § 1406(a) notwithstanding the court's lack of personal jurisdiction over the defendant.  The Court of Appeals held that the Supreme Court's "rationale applies equally to § 1404(a), for these are companion sections, remedial in nature, enacted at the same time, and both dealing with the expeditious transfer of an action from one district or division to another."  Berkowitz, 328 F.2d at 361.

[6] Mr. Christ asserts that venue is appropriate in Louisiana due to 28 U.S.C. § 1400, which defines the appropriate venue for copyright claims.  This statute provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found."  28 U.S.C. § 1400(a). Courts have held that the tests for where a defendant "may be found" under this statute is the same as the test for whether personal jurisdiction exists.  See Kogan v. Longstreet, 374 F. Supp. 47, 50 (N.D. Ill. 1974) ("As a practical matter, the test for determining whether a non-resident corporation or its agent is "found" within a district, pursuant to 28 U.S.C. § 1400(a), is the same as that for determining whether a corporation is amenable to suit in a jurisdiction other than that in which it is incorporated."); John Wiley & Sons, Inc. v. Fuchs, 1981 U.S. Dist. LEXIS 16043 at *8 (SD.N.Y.

1404(a) or § 1406(a). Section 1406(a)[7] permits a district court to transfer venue when a case is "filed . . . in the wrong division or district." 28 U.S.C. § 1406(a). Mr. Christ argues that under 28 U.S.C. § 1391,[8] venue is "wrong" here in this district because Mr. Christ does not reside in this district and a "substantial part of the events or omissions giving rise to the claim" did not occur in this district. However, § 1406(a), by its own terms, only applies to cases that were "filed" in this Court, which is not the case here; rather, Mr. Christ properly removed this action to this Court pursuant to 28 U.S.C. § 1441(a) after it had been "filed" elsewhere. See Notice of Removal ¶ 4 (Docket No. 1). As the Supreme Court has clearly stated, once a case is properly removed to district court, transfer of venue pursuant to 28 U.S.C. § 1406(a) is not available. See

---

1981) ("The copyright statute does not require a stronger presence of the defendant in the district to determine venue than to establish personal jurisdiction."). Since the Court declines to address Mr. Christ's personal jurisdiction claims and instead will transfer this action to the District of Delaware, the Court need not address Mr. Christ's § 1400 argument with respect to Louisiana. The Court notes that Mr. Christ "may be found" in the District of Delaware for purposes of § 1400 because Mr. Christ initiated the Delaware Action within that district and Mr. Christ, by requesting such transfer, consents to venue lying in Delaware.

[7] 28 U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

[8] 28 U.S.C. § 1391(b) states:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953) (holding that 28 U.S.C. § 1406(a) and § 1391 had no application to an action that had been removed from state court pursuant to 28 U.S.C. § 1441(a)); see also Wallace v. Mercantile County Bank, 2006 U.S. Dist. LEXIS 82565 at *9 (E.D. Pa. 2006) ("If a case is properly removed pursuant to § 1441(a), venue is properly laid, and the removed action may not be challenged under § 1391. Thus, § 1406(a), which governs improper venue, does not apply to a properly removed action." (citation omitted)). Therefore, this Court may not transfer or dismiss this case pursuant to § 1406(a).[9]

In a case that has been removed from state court, a district court may, however, entertain a motion to transfer venue pursuant to § 1404(a).[10] Wallace, 2006 U.S. Dist. LEXIS 82565 at *9. Requests for transfer under § 1404(a) may be granted when venue is proper in both the original and the requested venue. Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995); Schiller-Pfeiffer, Inc. v. Country Home Prods., 2004 U.S. Dist. LEXIS 24180 at *28 (E.D. Pa. 2004). Under § 1404(a), district courts have broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). The Court of Appeals for the Third Circuit has outlined several factors

---

[9] In addition to transfer, Mr. Christ seeks dismissal of this action due to improper venue. Because § 1406(a) cannot be applied here, dismissal on the grounds of improper venue is off the table as well. See Jumara, 55 F.3d at 878 (noting that while either § 1404 or § 1406 provide a basis for transfer, only § 1406 can support a dismissal).

[10] 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

for the district court to consider when adjudicating a motion to transfer.[11] The Court acknowledges the familiar maxim that in considering a transfer request, "a plaintiff's choice of forum is entitled to great weight and is not to be disturbed unless the balance of convenience strongly favors the defendants' forum." Blanning v. Tisch, 378 F. Supp. 1058, 1060 (E.D. Pa. 1974) (citing Shutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971). However, the pendency of a related case in its early phases in the transferee forum is a powerful reason to grant a change of venue. Blanning, 378 F. Supp. at 1061.

Pursuant to § 1404(a) a court may transfer a case: (1) to a district where the case could have been brought; and (2) where the convenience of parties and witnesses, and the interest of justice weigh in favor of the transfer. Wallace, 2006 U.S. Dist. LEXIS 82565 at *9 (citing 28 U.S.C. § 1404(a)). With respect to the first requirement, this case clearly could have been brought in the Eastern District of Louisiana, where Mr. Christ currently resides. See 28 U.S.C. § 1391(a) (providing that an action may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State"). However, Mr. Christ argues that Plaintiff's claims also could have been brought as counterclaims in the pending action in the District of Delaware. See Fed. R. Civ. P. 13. Mr. Christ claims that the parties to this action are also parties

---

[11] In Jumara, the Court of Appeals noted that various considerations include "private interests," such as (a) the plaintiff's forum preference as manifested in the original choice, (b) the defendant's preference, (c) whether the claim arose elsewhere, (d) the relative convenience of the parties as indicated by their relative physical and financial condition, (e) and the location of the witnesses, books and records (but only to the extent that the witnesses, books or records may actually be unavailable for trial in one of the fora). Jumara, 55 F.3d at 879-80 (citations omitted). The considerations also include "public interests," such as (a) the enforceability of the judgment, (b) practical considerations that could make the trial easy, expeditious or inexpensive, (c) the relative administrative difficulty in the two fora resulting from court congestion, (d) and the local interest in deciding local controversies at home. Id. (citations omitted).

to the Delaware Action and that the claims pending in both actions revolve around the same nucleus of facts.

Notwithstanding the statement in Plaintiff's Memorandum of Law that "the parties in the State of Delaware District Court action, are not the same as the parties in [Plaintiff Elan Suisse Ltd.'s] current action," at oral argument on this motion, counsel for Elan Suisse Ltd. admitted that "Elan Suisse (Pty) Ltd.," one of the defendants in the Delaware Action, is in fact the same entity as "Elan Suisse Ltd.," the Plaintiff in this case. Pl.'s Mem. Response 5. At oral argument, counsel for Mr. Christ argued that although Plaintiff's claims in the current action pertain to Mr. Christ's alleged defamatory statements on his website, because Mr. Christ created the website as a result of Mr. Cormick's alleged fraudulent activity, which is the basis of Mr. Christ's Delaware Action, the facts and circumstances surrounding the two actions are the same. Counsel for Plaintiff Elan Suisse Ltd. agreed that Plaintiff's current claims could have been brought as counterclaims in the Delaware Action. Counsel for Elan Suisse Ltd. stated that one of the reasons Plaintiff elected not to bring counterclaims in the Delaware Action was because of concerns that the Delaware court lacked personal jurisdiction over the Elan Suisse defendants. With respect to Plaintiff's choice of forum in the current action, rather than submitting to the Delaware court's jurisdiction and bringing counterclaims against Mr. Christ, the Elan Suisse defendants filed a motion to dismiss the Delaware Action for lack of personal jurisdiction, and then one month later, one of the same Elan Suisse defendants filed suit in this Court against Mr. Christ, now, ironically, defending itself against a motion to dismiss for lack of personal jurisdiction.

Mr. Christ argues that because a similar case is currently pending in Delaware, in the

8

interest of conserving the courts' time and resources, this action should be transferred to the District of Delaware for consolidation with the Delaware Action.  The Court agrees.  Rather than having this Court and the District Court for the District of Delaware each address one of the dueling motions to dismiss for lack of personal jurisdiction, the Court finds that the appropriate course would be to transfer this action to the District Court for the District of Delaware to be consolidated with the related action currently under way there.

As noted above, the presence of a related case in the transferee forum is a powerful reason to grant a change of venue.  <u>Blanning</u>, 378 F. Supp. at 1061.  In addition, at oral argument, counsel for the Plaintiff could not provide any reason why this action should not be transferred to Delaware, aside from Plaintiff's argument that venue is proper here and because of the motion to dismiss that is pending in the Delaware court.

It would be no less convenient or more burdensome for Elan Suisse Ltd. to assert its claims as counterclaims in the Delaware Action than it would be to conduct a separate action here.  If anything, it should be both more convenient and less burdensome for all parties to litigate these issues on a consolidated basis.  Elan Suisse Ltd. is a South African corporation whose principal, Mr. Cormick, is citizen of Australia.  The non-Elan Suisse parties in the Delaware Action are all foreign nationals or foreign business entities.[12]  Mr. Christ is a resident of Louisiana.  Thus, whether or not these cases continue separately or on a consolidated basis in

---

[12] To the extent such non-Elan Suisse parties remain as defendants in the Delaware Action, the Court assumes that discovery related to such parties will commence.  To the extent that any of these parties should succeed in their motion to dismiss in the Delaware Action, such parties may still be required as witnesses.  In either event, Plaintiff has not proposed any reason why Wilmington, Delaware is any less convenient than Philadelphia, Pennsylvania in this regard.

9

Delaware, extensive travel during discovery and trial will likely be required. Pursuing consolidated litigation will at least decrease the need for multiple depositions of the same parties involving the same factual issues. In addition, in response to Mr. Christ's motion, Plaintiff has not offered a single reason why venue is more convenient for the parties or witnesses in Pennsylvania than in Delaware (or for that matter, why venue would be less convenient in Delaware than in Pennsylvania). Plaintiff has not argued that Elan Suisse Ltd. has any ties to Pennsylvania that necessitate conducting litigation here. The Court surmises that Plaintiff chose Pennsylvania as a forum because Mr. Christ resided in Pennsylvania when he created and, at least to some extent, maintained the website in question.[13] Although the legal claims in the current action and the Delaware Action are different, upon consideration of a careful reading of the complaint in the Delaware Action, the Court agrees that the facts and circumstances surrounding both actions sufficiently align such that consolidation of these actions would be appropriate. See Schiller-Pfeiffer, 2004 U.S. Dist. LEXIS 24180 at *31 (transferring venue pursuant to § 1404(a), even though the claims of the two cases were not exactly the same, because the claims arose from the same set of facts and occurrences). Furthermore, at oral argument in this case counsel for both parties noted that discovery had not begun in either the current action or the Delaware Action. As such, by transferring this action to Delaware, the Delaware district court would be able to set a consolidated schedule for carrying out discovery and other matters and address discovery disputes. All things being equal, since Wilmington, Delaware and Philadelphia, Pennsylvania are approximately 30 miles apart, if Elan Suisse Ltd. (or Elan Suisse (Pty) Ltd.) is

---

[13] Because Mr. Christ has not raised any argument alleging bad faith on the part of Elan Suisse Ltd., the Court will resist concluding that Elan Suisse Ltd. chose to file suit in Pennsylvania solely to avoid submitting to the district court's jurisdiction in Delaware.

able to maintain a lawsuit in the Eastern District of Pennsylvania, then that entity should be able to defend a lawsuit in the District of Delaware. Conversely, if Mr. Christ is able to bring an action in the District of Delaware, then he should be able to defend an action there as well.

**CONCLUSION**

For the reasons stated above, Mr. Christ's Motion to Dismiss will be denied and Mr. Christ's Motion to Transfer this action to the U.S. District Court for the District of Delaware will be granted.[14] An appropriate Order follows.

                                                  S/Gene E.K. Pratter
                                                  Gene E.K. Pratter
                                                  United States District Judge

December 28, 2006

---

[14] The Court also notes that the "first-filed rule," although not addressed by either party, mitigates in favor of transfer to the District of Delaware. Approximately 65 years ago, the Third Circuit Court of Appeals stated that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941) (quoting Smith v. M'Iver, 22 U.S. (9 Wheat.) 532, 6 L. Ed. 152 (1824)), cert. denied, 315 U.S. 813, 62 S. Ct. 798, 86 L. Ed. 1211 (1942); see also EEOC v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988) (quoting same). The first-filed rule "gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." EEOC, 850 F.2d at 971. Although this Court's injunctive powers are not implicated by the pending motions, the Court notes the "first-filed rule" in this case to note that transfer to the District Court for the District of Delaware is appropriate because the action first filed by Mr. Christ in Delaware is based on the same facts as the action filed two months later by Elan Suisse Ltd. in state court in Pennsylvania.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAN SUISSE LTD., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT D. CHRIST, | : | NO. 06-3901 |
| Defendant. | : | |

**O R D E R**

**AND NOW** this 28th day of December, 2006, upon consideration of Defendant Robert D. Christ's Motion to Dismiss or Transfer (Docket No. 2), Plaintiff Elan Suisse Ltd.'s Response to Defendant's Motion to Dismiss or Transfer (Docket No. 3), and Defendant's Reply Memorandum (Docket No. 6), for the reasons stated in the attached Memorandum, it is **ORDERED** as follows:

1. Defendant Robert D. Christ's Motion to Dismiss is **DENIED** without prejudice;

2. Defendant Robert D. Christ's Motion to Transfer is **GRANTED** and this action is transferred to the United States District Court for the District of Delaware, to be docketed as related to *Robert D. Christ v. Brett J. Cormick et al.*, Civil Action No. 06-275.

BY THE COURT:

S/Gene E.K. Pratter
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE